**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOVAN PAYNE,

      Petitioner,                       Civil No. 2:12-CV-12874
                                            HONORABLE VICTORIA A. ROBERTS
v.                                     UNITED STATES DISTRICT JUDGE

KEN ROMANOWSKI,

      Respondent,
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL _IN FORMA PAUPERIS_**

Jovan Payne ("Petitioner") is confined at the Macomb Correctional Facility in New Haven, Michigan. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his _pro se_ habeas petition, Petitioner challenges his conviction for unarmed robbery, M.C.L.A. 750.530. Respondent filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). The Court agrees and **DENIES** the petition for a writ of habeas corpus.

**I. Background**

Petitioner pleaded _nolo contendere_ in the Wayne County Circuit Court to a charge of unarmed robbery. In exchange for his plea, the prosecutor agreed to dismiss charges of armed robbery, felon in possession of a firearm, felony firearm, and being a fourth felony

1

habitual offender.   The parties also agreed that Petitioner would be sentenced to six to fifteen years in prison.  On July 19, 2005, Petitioner was sentenced to six to fifteen years in prison.

In June of 2006, Petitioner filed a petition for writ of habeas corpus with this Court.  It was dismissed without prejudice because Petitioner had yet to exhaust his claims with the state courts. *Payne v. Burt,* No. 06-CV-12873; 2006 WL 1877052 (E.D. Mich. July 6, 2006).

In October of 2006, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Payne,* No. 273566 (Mich.Ct.App. January 19, 2007).  The Michigan Supreme Court subsequently denied Petitioner leave to appeal on June 26, 2007. *People v. Payne,* 478 Mich. 927 (2007).

On May 5, 2009, Petitioner signed and dated a petition for writ of habeas corpus, which was filed with this Court two days later. [1]  The Court dismissed this petition without prejudice because at least some of the claims raised by Petitioner had not yet been exhausted with the state courts. *Payne v. Smith*, No. 2:09-CV-11763; 2009 WL 1974418 (E.D. Mich. July 6, 2009).

On April 1, 2010, Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court. [2]  The trial judge denied the motion.

---

[1]  Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on May 5, 2009, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

[2]  *See* Wayne County Circuit Court Register of Actions 05-000341-01-FH, p. 4 [This Court's Dkt. # 10-1].

*People v. Payne,* No. 05-000341-01 (Wayne County Circuit Court, July 22, 2010).  After

the Michigan Court of Appeals denied Petitioner's application for leave to appeal, *People*

*v. Payne,* No. 301746 (Mich.Ct.App. August 30, 2011), collateral review of Petitioner's

conviction ended in the state courts on April 23, 2012, when the Michigan Supreme Court

denied Petitioner's application for leave to appeal the denial of his post-conviction

motion. *People v. Payne,* 491 Mich. 907 (2012).

Petitioner's current habeas application was signed and dated June 24, 2012 and

filed with this Court on June 29, 2012. [3]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir.

2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the

non-moving party must set forth specific facts sufficient to show that a reasonable

factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to

habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich.

2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), signed into law

---

[3]  Under the prison mailbox rule, this Court will assume that Petitioner filed his current habeas petition on
June 24, 2012, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d at 469.

3

on April 24, 1996, amended the habeas corpus statute in several respects.  One

amendment mandated a statute of limitations for habeas actions.  28 U.S.C. § 2244(d)

imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally
> recognized by the Supreme Court if the right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
> (D)  the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

A petition for writ of habeas corpus must be dismissed if it has not been filed

within the one year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747,

749 (E.D. Mich. 2002).

The Michigan Supreme Court denied Petitioner's application for leave to appeal

the denial of his direct appeal by the Michigan Court of Appeals on June 26, 2007.

However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin

to run on that day.  Where a state prisoner sought direct review of his conviction in the

state's highest court but did not file a petition for certiorari with the U.S. Supreme Court,

the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1)

begins to run not on the date that the state court entered judgment against the prisoner, but

4

on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Therefore, Petitioner's judgment became final on September 24, 2007, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).  Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than September 24, 2008 in order for the petition to be timely filed.

Petitioner filed a previous habeas application with this Court on May 5, 2009, over seven months after the limitations period had expired.  A petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).  Moreover, even if a prior habeas petition could toll the limitations period, because Petitioner did not file his first habeas corpus petition until over seven months after the statute of limitations expired, his first habeas petitioner could not toll or revive the expired limitations period. *See Rosati v. Kernan,* 417 F. Supp. 2d 1128, 1131 (C.D. Cal. 2006).  [4]

Petitioner then filed his post-conviction motion for relief from judgment with the state trial court on April 1, 2010, well after the limitations period had expired.  A state court post-conviction motion that is filed following the expiration of the limitations

---

[4]  Petitioner's first habeas application from 2006 does not affect the timeliness of the current habeas petition because it was filed and dismissed by this Court before Petitioner's conviction had become final in the state courts and before the one year limitation period had commenced to run.

5

period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003).  Moreover, Petitioner did not have one year following the denial of his post-conviction motion for relief from judgment to file his petition with this Court, because the one year limitations period under the AEDPA begins to run at the conclusion of the direct review of a habeas petitioner's conviction, and not on the date which a habeas petitioner has exhausted all of his state post-conviction remedies. *Payton v. Brigano,* 256 F. 3d 405, 408 (6th Cir. 2001).  The instant petition, is therefore, untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that circumstances of his case warrant equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx 145, 147 (6th Cir. 2007).

In his reply to the motion for summary judgment, Petitioner argues that he is actually innocent of the crime that he was convicted of.

The one year statute of limitations may be equitably tolled based upon a credible

6

showing of actual innocence under the standard enunciated in *Schup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner is not entitled to have the limitations period tolled because other than his unsupported, self-serving statements, he offers no affidavits or other documentary evidence to support his actual innocence. *See Herbert v. Jones,* 351 F. Supp. 2d 674, 678-79 (E.D. Mich. 2005). Any actual innocence exception to AEDPA's statute

7

of limitations is further inapplicable, in light of the fact that Petitioner pleaded *nolo contendere* to the charge that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his *nolo contendere* plea. *See Connolly v. Howes,* 304 Fed.Appx. 412, 419 (6th Cir. 2008). [5]

### III.  Conclusion

The Court dismisses the petition because it was filed outside of the one year limitations period contained in § 2244(d)(1). The Court also denies Petitioner a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner

---

[5]  At least one other judge in this district has suggested that a plea of guilty forecloses a claim of actual innocence so as to excuse a procedural default, although the judge acknowledged that no appellate court case had explicitly adopted such a rule. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 699-700 & n. 6 (E.D. Mich. 1999).

shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U. S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*

The Court will deny Petitioner a Certificate of Appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753.

Although this Court denies a Certificate of Appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.

9

*Foster*, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's dismissal of Petitioner's habeas petition, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV.  ORDER

The Petition for Writ of Habeas Corpus is **SUMMARILY DENIED PURSUANT TO 28 U.S.C. § 2244(d).**

A Certificate of Appealability is **DENIED.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 31, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 31, 2013.

S/Linda Vertriest
Deputy Clerk

10