UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVAN PAYNE,

    Petitioner,                                            Civil No. 2:12-CV-12874
                                                                         HONORABLE VICTORIA A. ROBERTS
v.                                                            UNITED STATES DISTRICT JUDGE

KEN ROMANOWSKI,

    Respondent,
_____/

**OPINION AND ORDER DENYING AS MOOT
THE MOTION TO WAIVE THE COSTS OF COPIES**

On January 31, 2013, this Court summarily denied the petition for writ of habeas corpus on the ground that it had not been timely filed in compliance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). This Court further denied Petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis*. *Payne v. Romanowski*, No. 2013 WL 388736 (E.D. Mich. January 31, 2013). Petitioner subsequently filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. On August 22, 2013, the Sixth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. *Payne v. Romanowski*, No. U.S.C.A. No. 13-1246 (6th Cir. August 22, 2013). Pending before this Court is Petitioner's motion to waive the costs for copies of various transcripts and documents that Petitioner seeks to assist him with his appeal. For the reasons stated below, the motion to waive costs is DENIED AS MOOT.

In his motion, Petitioner asks this Court to provide him with free copies of the transcripts and other documents from his state court trial, appeal, and post-conviction proceedings because he claims that he needs them to assist him with the appeal of this Court's summary denial of his petition for writ of habeas corpus.

The Court will deny the motion to waive fees and costs for transcripts and other documents. First, as a general rule, a criminal defendant has no federal constitutional right to a transcript to prepare a post-conviction proceeding. *Rickard v. Burton,* 2 Fed. Appx. 469, 470 (6th Cir. 2001)(*citing to Ruark v. Gunter,* 958 F. 2d 318, 319 (10th Cir. 1992); *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976)). Secondly, a prisoner is not entitled to the preparation of a free transcript merely for the purpose of searching it for grounds for a possible application for post-conviction or habeas corpus relief. *See Lucas v. United States,* 423 F. 2d 683, 684-85 (6th Cir. 1970); *Watts v. State of Tenn.,* 603 F. Supp. 494, 495 (M.D. Tenn. 1984). Finally, and most importantly, the dismissal of Petitioner's appeal by the Sixth Circuit renders his request for the production of transcripts and other documents to assist him with his appeal moot. *See Bragg v. Lack,* 815 F. 2d 70 (Table); 1985 WL 35938, * 1 (6th Cir. March 16, 1987).

## ORDER

Based on the foregoing, the motion to waive costs of copies [Court Dkt. Entry # 17] is **DENIED AS MOOT**.

s/ Victoria A. Roberts  
VICTORIA A. ROBERTS  
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 27, 2013, by electronic and/or ordinary mail.

                                         s/Richard Loury for Carol Pinegar
                                        Case Manager and Deputy Clerk
                                        (313) 234-5232